to do in 1886, what the evidence shows they did does not establish a trust in the property of the kind set up in the complaint for the benefit of the plaintiff. The creator of the alleged trust was called as a witness on the trial, and testified, in effect, that he had not created, and, in fact, had not intended to create, a trust for the benefit of the plaintiff. Perhaps the best evidence of what was done is to be found in the act creating the defendant, which act was passed for the purpose of carrying out the wishes, and, for that reason, must be supposed to express the wishes, of the creator of the alleged trust. That act (Laws 1887, c. 329) authorizes the defendant to hold real estate (in trust or perpetuity or otherwise) for the purpose of establishing, supporting, and maintaining in the city of New York an institution for the promotion of original research in chemistry, biology, pathology, and for elementary teaching in those branches. Nothing in the act authorizes it to hold property in trust for the plaintiff. That act also authorizes the trustees of the defendant to convey to the plaintiff, and this means to convey in fee, all the property, both real and personal, and also provides that on such conveyance the corporation created by the act shall cease to exist. For the reasons above stated, the complaint is dismissed, with costs.

Complaint dismissed, with costs.

---

(35 Misc. Rep. 115.)

### GARDNER v. NEW YORK MUT. SAVINGS & LOAN ASS'N.

(Supreme Court, Special Term, Onandaga County. May, 1901.)

LOAN ASSOCIATION—ESTOPPEL.

Where a shareholder in a mutual savings and loan association knew of an amendment which reduced the withdrawal value of his shares below their actual value, but for two years made no protest, while other members paid their dues on the new basis, he is estopped afterwards, on withdrawal from the association, to claim any greater sum that he was entitled to under the amendment.

Action by Rufus C. Gardner against the New York Mutual Savings & Loan Association to recover a balance of an amount he would have been entitled to as the owner of certain installment shares in the defendant but for the amendment of defendant's articles of association whereby the withdrawal value of the shares was reduced. Plaintiff had no actual knowledge of the amendment, though regularly made. Judgment for defendant.

Gantz, Neier & McKennell, for plaintiff.

Russell & Winslow (John E. Ruston, of counsel), for defendant.

MAREAN, J. The articles of association, at the date of issuing of shares to plaintiff's assignor, provided that withdrawing members should receive the amounts paid by them for dues, with 6 per cent. interest, less a withdrawal fee of one dollar per share. Subsequently the articles were amended so as to provide that they should receive the amount paid for dues, with the profits credited to the shares, less the amount set aside therefrom to the reserve fund.

The amount set aside to the reserve fund has, always included 1 per cent. per annum on the maturity value of shares, although prior to the amendment it was not deducted in ascertaining withdrawal value.    The amendment, so far as it substituted declared profits for interest, was in the present case in favor of the withdrawing shareholder, and the question is solely whether the 1 per cent. per annum on the maturity value of shares (not the one dollar per share), which, having been put to the reserve fund, was, under the amendment, to be deducted instead of a withdrawal fee of one dollar per share, might lawfully be deducted by the defendant.    While I am disposed to conclude that the amendment, in so far as it may have reduced the withdrawal value of the shares in question below their actual value, taking all the assets, including the reserve fund, into account, was a violation of the rights of plaintiff's assignor if done without his consent, I think he was estopped at the time he gave notice of withdrawal to claim any larger sum than he was entitled to under the amendment.    He is chargeable with knowledge of the amendment in favor of other shareholders, some of whom have, no doubt, become members since then, and he could not stand by in silence, and without protest see other members paying dues, for more than two years, on the faith of the amendment, which cut down the withdrawal value of his shares, and afterwards claim, as against them, any greater sum on withdrawal than he was entitled to under the amendment.    The defendant represents the equities of other members, and the estoppel is available to it.

Judgment for defendant, with costs.